FILED
May 12, 2020
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| APOLLOS DUCKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00766-P-BP |
| | § | |
| TRYP TECHNOLOGIES INC., *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was automatically referred to the undersigned pursuant to Special Order 3 on September 24, 2019. ECF No. 3. Before the Court is Plaintiff's Amended Complaint, ECF No. 7, filed October 17, 2019; the Court's Order dated December 18, 2019, ECF No. 19; and Plaintiff's Answers to the Court's Questionnaire, ECF No. 26, filed April 22, 2020. It appears to the Court that the Plaintiff has failed to allege an essential element of his claim for patent infringement. After considering the pleadings and applicable legal authorities, the undersigned therefore **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this case **with prejudice** for failure to state a claim.

Because Plaintiff is proceeding *in forma pauperis*, the Court is authorized under § 1915(e)(2)(B) to screen Plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. *See Smilde v. Snow*, 73 F. App'x. 24, 25 (5th Cir. 2003). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–

27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must

dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Here, the Court has subject-matter jurisdiction over Plaintiff's case under 28 U.S.C. § 1338 because he asserts a claim for patent infringement. Plaintiff claims that Defendants have directly and indirectly infringed his patent under 35 U.S.C. § 271. However, Plaintiff has not "affirmatively and distinctly" alleged facts showing that he actually owns a patented invention. Instead, he asserts that he has applied for a patent, but that is not enough to support a claim for infringement.

In his Amended Complaint, Plaintiff alleges infringement of "my patent of 2016 sent and filed as a clear Provisional Patent/idea sent as a patent approved by the USPTO.gov to Apollos Duckett, on March 2, 2017." ECF No. 7 at 2. In response to the Court's Questionnaire seeking additional information, Plaintiff stated that the patent number for his patent was "Confirmation No. 7019- 62/600,206 – File date- 02-15-2017 – Filing (371(c) - 0C000000089668590." ECF No. 26 at 1. In response to the Court's request asking him to attach a copy of the certificate issued for the patent by the United States Patent and Trademark Office ("USPTO"), Plaintiff stated "Exhibit inside." *Id.*

On the third page of Plaintiff's Answers to the Court's Questionnaire, there is a copy of a letter from the USPTO to Plaintiff dated March 6, 2017 that acknowledges receipt of his provisional patent application. *Id.* at 3. The letter identifies Plaintiff's application number as 62/600,206, the filing or 371(c) date as 02/15/2017, and the Confirmation Number as 7019. *Id.* The letter explains that Plaintiff's application "will not be examined for patentability and will become abandoned not later than twelve months after its filing date." *Id.* Plaintiff's Answers also include a copy of Plaintiff's application to the USPTO. *Id.* at 9-14. Missing from Plaintiff's

Answers is any correspondence from the USPTO notifying him that his application was granted or any certificate or paper copy of the patent grant evidencing that he holds a patent issued by that office.

"To establish a patent infringement claim, a plaintiff must prove that the defendant, without authority, has made, used, offered to sell, or sold the patented invention. 35 U.S.C. § 271(a)." *Richards v. British Petroleum*, 869 F. Supp. 2d 730, 737 (E.D. La. 2012), *aff'd*, 533 F. App'x 378 (5th Cir.), *cert. denied*, 571 U.S. 910 (2013). Before a patent is issued, there can be no infringement. *Inject-O-Meter Mfg. Co. v. North Plains Fertilizer & Chemical, Inc.*, 308 F. Supp. 538 (N.D. Tex. 1970), *aff'd*, 439 F.2d 1138 (5th Cir.), *cert. denied*, 404 U.S. 824 (1971). "Undeniably, the copying of a competitor's product unprotected by the patent laws is not illegal and does not constitute infringement." *Rohm and Haas Co. v. Dawson Chem. Co.*, 557 F. Supp. 739, 849 (S.D. Tex.), *rev'd on other grounds*, 722 F.2d 1556 (Fed. Cir. 1983), *cert. denied*, 469 U.S. 851 (1984).

The same is true whether the claim is for direct infringement of for a claim of inducement of patent infringement under 35 U.S.C. § 271(b). "[A]s a matter of law § 271(b) does not reach actions taken before issuance of the adverse patent." *National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996). "[T]he general rule is that inducement of infringement under § 271(b) does not lie when the acts of inducement occurred before there existed a patent to be infringed."

Because Plaintiff is proceeding *in forma pauperis*, the Court screens his complaint under 28 U.S.C. § 1915(e)(2) to determine whether he has stated a claim upon which relief can granted. To aid the Court in determining whether it should dismiss an *in forma pauperis* complaint, the Fifth Circuit has approved the use of questionnaires and evidentiary hearings. *Spears v. McCotter*,

766 F.2d 179, 181–82 (5th Cir. 1985). Responses to these questionnaires and hearings become part of the pleadings. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996). On the face of the Amended Complaint, and in his Answers to the Court's Questionnaire, Plaintiff has not alleged facts to show that the USPTO granted him a patent in response to his application. Plaintiff amended his complaint once, responded to the Court's questionnaire, and did not file a second amended complaint in response to the Court's Order dated December 18, 2019, ECF No. 19, ordering him to file an amended complaint on or before January 17, 2020. In none of his pleadings did Plaintiff allege facts to show that he holds a patent issued by the USPTO which is an essential element of a claim for patent infringement.

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Plaintiff amended his complaint once, was ordered to amend it in accordance with the Federal Rules of Civil Procedure but failed to do so, and answered the Court's Questionnaire. The undersigned requested that he attach to his Questionnaire Answers evidence that he held a valid patent, but he did not attach such evidence. On these facts, the Court concludes that Plaintiff has pleaded his best case, though his pleadings fail to state a claim upon which the Court can grant relief.

Because the Plaintiff has not alleged sufficient facts to show that he is entitled to recover on his claim of patent infringement, Judge Pittman should **DISMISS** this case **with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 12, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE